Opinion
Defendant, Danny Holt, appeals from the judgment of the trial court dismissing his petition for post-conviction relief.
Defendant was found guilty following a jury trial of misuse of a credit card and having weapons while under a disability, with a firearm specification. The trial court sentenced Defendant to consecutive terms of imprisonment totaling ten to fifteen years. On direct appeal, we affirmed Defendant's conviction and sentence. State v. Holt (November 16, 1992), Miami App. No. 92-CA-9, unreported.
In 1994, Defendant sought post-conviction relief. The trial court denied that request. Defendant appealed to this court, but we dismissed Defendant's appeal as untimely. State v. Holt (June 13, 1994), Miami App. No. 94-CA-25, unreported.
On September 26, 2000, Defendant filed a "writ of error" in the trial court. The trial court construed Defendant's writ of error as a petition for post-conviction relief, and dismissed it because it was not timely filed. Defendant has timely appealed to this court from that decision.
 FIRST ASSIGNMENT OF ERROR WHETHER THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION WHEN IT DID NOT SUBMIT OR INSTRUCT THE JURY ON THE CRITICAL ELEMENTS OF THE CHARGED OFFENSE.
 SECOND ASSIGNMENT OF ERROR WHETHER THE TRIAL COURT ERRED OR ABUSED ITS DISCRETION WHEN IT DID NOT INSTRUCT THE JURY ON THE CRITICAL ELEMENTS OF R.C. 2941.14.1.
R.C. 2953.21 was amended in 1995 to impose mandatory filing deadlines for post-conviction relief petitions, and strict requirements which must be met in order for the trial court to consider untimely filed petitions. These changes became effective September 21, 1995. We discussed these changes in State v. Walker (May 1, 1998), Montgomery App. No. 16656, unreported:
 Amended Substitute Senate Bill 4, which became effective September 21, 1995, imposed mandatory filing deadlines for petitions for post-conviction relief. With respect to those filing deadlines, R.C. 2953.21 now provides in pertinent part:
 (A)(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Additionally, section three of Am.Sub. Senate Bill 4 provides:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
* * *
 In order to have an untimely filed post-conviction petition considered by the court, petitioner must meet the strict requirements set forth in R.C. 2953.23(A), which provides:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
Danny Holt had but one year from September 21, 1995, to timely file his post-conviction petition, as that was the later of the applicable times provided for filing. Because September 21, 1996, fell on a Saturday, Holt had until Monday, September 23, 1996, to timely file his petition. Holt's petition was filed on September 26, 2000, four years out of time. Clearly, Holt's petition for post-conviction relief was not timely filed.
Examination of Holt's petition reveals that Holt has not made any claims or assertions that might satisfy the requirements of R.C. 2953.23(A) in order for an untimely filed petition to be considered by the trial court. Clearly, Holt has failed to meet the requirements in that regard which R.C. 2953.23(A) imposes.
The statutory time limits for filing petitions for post-conviction relief are jurisdictional. State v. Reeves (December 10, 1999), Montgomery App. Nos. 17631/17768, unreported; State v. McClesky (April 16, 1999), Montgomery App. No. 17419, unreported. The trial court lacked jurisdiction to consider the merits of Holt's untimely filed post-conviction petition. The judgment of the trial court dismissing Holt's petition as untimely will be affirmed. The assignments of error are rendered moot by our disposition of this matter.
 _______________ GRADY, J.
BROGAN, J. and FAIN, J., concur.